UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>              v.<br><br>LUIS CHANG<br>and<br>EVERBRIGHT DEVELOPMENT OVERSEAS LIMITED<br><br>                              Defendants. | 14 CV 4132<br><br>No. 14 Civ. _____<br><br>*Filed Ex Parte*<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 6/9/2014 |

## TEMPORARY RESTRAINING ORDER FREEZING ASSETS AND GRANTING OTHER EQUITABLE RELIEF, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED

Having considered the *Ex Parte* Application for a Temporary Restraining Order Freezing Assets and Granting Other Equitable Relief, and for an Order to Show Cause Why a Preliminary Injunction Should Not be Issued, filed by plaintiff Securities and Exchange Commission ("SEC or "Commission"), the Commission's memorandum of law and accompanying evidentiary materials submitted in support of the *Ex Parte* Application, and the Complaint, the Court finds that the Commission has made a proper *prima facie* showing that: (i) Defendants Luis Chang and Everbright Development Overseas Limited, have directly or indirectly engaged in the violations alleged in the Complaint; (ii) there is a reasonable likelihood that the legal violations alleged in the Complaint will be repeated; (iv) unless restrained and enjoined by Order of this Court,

the Defendants may dissipate, conceal or transfer from the jurisdiction of this Court assets which could be subject to an order of disgorgement or an order to pay a civil monetary penalty in this action; and (v) entry of a temporary restraining order, order freezing assets, and order for other equitable relief, including an accounting, is necessary to preserve the status quo.

### I.

In consideration of the foregoing, the Court being fully advised in the premises, and pending determination of the Commission's motion for a preliminary injunction, **IT IS HEREBY ORDERED** that the *Ex Parte* Application is **GRANTED;**

### II.

**IT IS FURTHER ORDERED** that, pending further Order of the Court, Defendant Luis Chang, and his officers, agents, servants, employees, attorneys, and all persons in active concert or participation with him, who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

## III.

**IT IS FURTHER ORDERED** that, pending further Order of the Court, Defendant Everbright Development Overseas Limited, and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud; or

(b) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

## IV.

**IT IS FURTHER ORDERED** that, pending further order of the Court, Defendants Luis Chang and Everbright Development Overseas Limited, and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise are restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (1) to employ any device, scheme, or artifice to defraud;

 (2) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

 (3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

## V.

**IT IS FURTHER ORDERED** that, pending further order of the Court, Defendant Luis Chang and his officers, agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise are restrained and enjoined from violating Section 14(e) of the Exchange Act [15 U.S.C. § 78n(e)] and Rule 14e-8 promulgated thereunder [17 C.F.R. § 240.14e-8] by making any untrue statement of a material fact or omitting to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, or engaging in any fraudulent, deceptive, or manipulative acts or practices, in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request or invitation; and by (i) making the announcement of a potential tender offer without the intention to commence the offer within a reasonable time and complete the offer, (ii) intending, directly or indirectly, for the announcement to manipulate the market price of the stock of the bidder or subject company, or (iii) by not

having the reasonable belief that the person will have the means to purchase securities to complete the offer.

## VI.

**IT IS FURTHER ORDERED** that, pending further Order of the Court, Defendants Luis Chang and Everbright Development Overseas Limited, and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are restrained and enjoined from violating, directly or indirectly, Section 13(d)(1) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78m(d)] and Rule 13d-1 promulgated thereunder [17 C.F.R. §§ 240.13d-1] by, as a person who is directly or indirectly the beneficial owner of more than 5 percent of any equity security which is registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*]:

    (a)    failing, after acquiring such beneficial ownership, to file with the Commission (and to send a copy to the issuer of such equity security and to each exchange where the security is traded) within the requisite time period provided for in Rule 13d-1, statements containing the information required by Section 13(d) of the Exchange Act and Rule 13d-1 promulgated thereunder;

## VII.

**IT IS FURTHER ORDERED** that, pending further Order of the Court, Defendants Luis Chang and Everbright Development Overseas Limited, and their officers, agents, servants, employees, family members, attorneys, and those persons in

active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent any direct or indirect withdrawal, disposition, sale, transfer, pledge, hypothecation, changing, wasting, encumbrance, assignment, dissipation, conversion, concealment, or other disposal whatsoever of any funds, assets, securities, or other real or personal property, wherever located, of Defendants, and their subsidiaries and affiliates, whether owned by, controlled by, managed by or in the possession or custody of any of them, including assets held in business, corporate or partnership accounts in which Defendants Luis Chang and Everbright Development Overseas Limited have an interest, except as otherwise ordered by the Court.

## VIII.

**IT IS FURTHER ORDERED** that, pending further Order of the Court, any financial or brokerage institution or other person or entity holding or that has held at any time since January 1, 2013 any funds or other assets, in the name, for the benefit or under the control of defendants Luis Chang and Everbright Development Overseas Limited, directly or indirectly, held jointly or singly, and wherever located, and which receives actual notice of this Order by personal service or otherwise shall:

    A.    Hold and retain within its control and prohibit Defendants Luis Chang and Everbright Development Overseas Limited, and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any such account or asset except as directed by further Order of the Court;

B. Deny Defendants Luis Chang and Everbright Development Overseas Limited, and all other persons access to any safe deposit box that is titled in the name of the, either individually or jointly, or otherwise subject to access by the Defendants;

C. Within three business days of receipt of this Order, serve on counsel for the Commission a statement setting forth the name and identification number of each and every account or asset titled in the name, individually or jointly, of, or held on behalf of, or for the benefit of, the Defendants. With respect to each such account or other asset, the statement shall include the balance in the account or description of the assets as of the close of business on the date of receipt of this Order, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted. The statement shall also include the identification of any safe deposit box that is either titled in the name, individually or jointly, of the Defendants or is otherwise subject to access by the Defendants. Service of such statement on counsel for the Commission shall be by express courier service or telefax directed to Kevin P. O'Rourke at the Securities and Exchange Commission, 100 F Street, N.E., Washington, D.C. 20549-5949 (telephone no. (202) 551-4442, or at telefax number (202) 772-9245; and

D. Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to such account or

7

asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

This Order specifically applies, without limitation, to the following accounts:

| Institution Name | Account Name | Account Number |
|---|---|---|
| Charles Schwab & Co., Inc. | Everbright Development Overseas Limited | XXXX-2891 |
| First-Citizens Bank and Trust Company | Luis Chang | XXXXXX4685 |
| Bank of America, NA | Luichi Inc. | XXXXXXXX5757 |

## IX.

**IT IS FURTHER ORDERED** that, pending further Order of the Court, Defendants Luis Chang and Everbright Development Overseas Limited, within five days of receipt of this Order, shall prepare and deliver to the Commission a detailed and complete schedule of all of their assets, including all real and personal property exceeding $5,000 in value, and all bank, securities, and other accounts identified by institution, branch address and account number. The accounting shall include a description of the sources of all such assets. Service of such accounting on counsel for the Commission shall be by express courier service or telefax directed to Kevin P. O'Rourke at the Securities and Exchange Commission, 100 F Street, N.E., Washington, D.C. 20549-5949 (telephone no. (202) 551-4442, or at telefax number (202) 772-9245. After completion of the accounting, each Defendant shall produce to the Commission's

headquarters in Washington, DC, at a time agreeable to the Commission, all books, records and other documents supporting or underlying their accounting.

## X.

**IT IS FURTHER ORDERED** that, within 72 hours of notice of the entry of this Order, the Defendants shall repatriate all assets obtained from the activities described in the Commission's Complaint that are now located outside the territorial limits of the United States, and that each defendant direct the return of such assets to the Registry of the Court, pending conclusion of this matter.

## XI.

**IT IS FURTHER ORDERED** that, pending further Order of the Court, the Commission may file Notices of *Lis Pendens* on all pieces of real property in which the Defendants have an interest that is known to the Commission. Should the Defendants wish to sell any piece of real property in which they have an interest, the Defendants shall give counsel for the Commission notice of the proposed sale and seek and obtain the concurrence of the Court in the transaction prior to its consummation. The Defendants shall fully account for any proceeds received from the sale of such property to the Court and counsel for the Commission, and the proceeds of such sales paid to the Defendants shall be frozen pursuant to the provisions of this Order and submitted to the registry of the Court; and the Defendants are hereby prohibited from further encumbering their interests in any real or personal property by means of pledging it for collateral for any purpose or by allowing it to secure any obligation. This order applies without limitation to the following properties:

- 953 East Sahara Avenue, Winchester, NV

- 2877 Paradise Road, Unit 704, Winchester, NV
- 2331 North Martin Luther King Boulevard, Las Vegas, NV
- 9829 Ramona Street, Los Angeles, CA
- 17434 Bellflower Boulevard, Los Angeles, CA

## XII.

**IT IS FURTHER ORDERED** that, pending further Order of the Court, the Defendants and their officers, agents, servants, employees, attorneys, accountants, depositories, banks, financial or brokerage institutions, providers of any services related to offsite document storage, computing resources, the internet or electronic communications (including providers of electronic hosting or storage and of internet-based audio, video and/or written communications), and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are hereby restrained and restrained from, directly or indirectly, destroying, mutilating, altering, concealing, disposing of, transferring, or otherwise interfering in any manner with the Commission's access to any and all documents, books, records, correspondence, written communications, ledgers, accounts, statements, files, audio recordings, video recordings, and assets or other property of or pertaining to Defendants, the allegations of the Complaint, wherever located and in whatever form, electronic or otherwise;

## XIII.

**IT IS FURTHER ORDERED** that, pending further Order of the Court, commencing with the time and date of this Order, in lieu of the time periods, notice

provisions, and other requirements of Rules 26, 30, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure, discovery shall proceed as follows:

      A.      The Commission may, at any time after service of this Order, take the deposition of and demand the production of documents from any person or entity for the purpose of discovering the nature, location, status, and extent of assets of or fraud by the Defendants, and the location of documents reflecting the business transactions of the Defendants, subject to two calendar days' notice pursuant to Rules 30(a), 34 and 45 of the Federal Rules of Civil Procedure;

      B.      The Commission may take more than one deposition at the same time, and depositions of the Defendants may be taken on any day, including Saturdays, Sundays, and holidays, subject to two calendar days' notice. The Commission may also, at its option, take any deposition by telephone or other remote electronic means. The Commission may take more than ten depositions, and any depositions taken pursuant to this Order shall not count towards the ten deposition limit set forth in Federal Rule of Civil Procedure 30(a)(2)(A), nor toward the time limit of one day of seven hours set forth in Federal Rule of Civil Procedure 30(d)(1). The Commission may take a second deposition of the Defendants during discovery subsequent to determination of whether a preliminary injunction should issue;

      C.      Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants shall answer all interrogatories served by the Commission in writing under oath within two days of service of such interrogatories;

D. Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendants shall answer all of the Commission's requests for admissions within two days of service of such requests;

E. All written responses to the Commission's requests for discovery under the Federal Rules of Civil Procedure shall be delivered by the most expeditious means possible, whether by hand delivery, facsimile transmission, or overnight courier, upon the Commission, directed to Kevin P. O'Rourke, at the Commission, 100 F Street, N.E., Washington, D.C. 20549-5949 (telephone no. (202) 551-4442, telefax number (202) 772-92445 email address orourkek@sec.gov);

F. Service of discovery requests shall be sufficient if made upon the parties by facsimile, hand delivery, overnight courier, electronic mail, or by any other means provided for in Paragraph XII of this Order;

## XIV.

**IT IS FURTHER ORDERED** that the Defendants show cause, if there be any, to this Court at 2:00 o'clock p.m on the 16th day of June, 2014 in Courtroom 619 of the United States District Court, Southern District of New York, ~~Daniel~~ Thurgood Marshall ~~Patrick Moynihan~~ United States Courthouse, ~~500 Pearl~~ (40 Centre) Street, New York, NY 10007-~~1312~~, why this Court should not enter an Order (1) preliminarily enjoining the Defendants from committing further violations of the provisions of the federal securities laws that Defendants have been restrained from violating pursuant to this Order, and (2) continuing against the Defendants the other relief imposed with respect to them by this Order;

XV.

**IT IS FURTHER ORDERED** that Defendants shall serve any opposing papers in response to this Order to Show Cause no later than Friday June 13, 2014. at 12:00 noon Service shall be made by delivering the papers to Kevin P. O'Rourke, Securities and Exchange Commission, 100 F Street, N.E., Washington, D.C. 20549-5949 (telephone no. (202) 551-4442; email address orourkek@sec.gov), or such other place as counsel for the Commission may direct in writing, by the most expeditious means available.

**IT IS FURTHER ORDERED** that the Commission shall have until Monday, June 16, 2014 at 12:00 noon to serve any reply papers on the Defendants by the most expeditious means available;

XVI.

**IT IS FURTHER ORDERED** that the Defendants shall serve all pleadings, correspondence, notices required by this Order, and all other materials on the Commission by delivering a copy to Kevin P. O'Rourke, Securities and Exchange Commission, 100 F Street, N.E., Washington, D.C. 20549-5049 (telephone no. (202) 551-4442; fax no. (202) 772-9245; email orourkek@sec.gov); and

XVII.

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission and email, upon any entity or person that may have possession, custody, or control of any documents or assets of the Defendants, or that may be subject to any provision of this Order, and that representatives of the Commission are specially appointed by the Court to effect service.

IT IS FURTHER ORDERED that, in addition to the methods of service described in Rule 4(f) of the Federal Rules of Civil Procedure, which the Commission shall attempt, the Commission may to serve Luis Chang with all pleadings and other papers, including the Summons, the Complaint, this Order and all documents filed in support thereof, and all other documents to be served in this action, by any the following means:

1) Electronic mail to chang@luichi.com or gslchu@hotmail.com;

2) FEDEX or UPS, signature required, to Charles Schwab & Co., Inc.;

3) Leaving a copy of each document to be served with someone of suitable age and discretion who resides at 13 – 1st Street, Englewood Cliffs, NJ 07632-1406; or

4) FEDEX or UPS, signature required, to Jonathan D. Lupkin, Esq. and Rakower Lupkin PLLC, New York, NY.

The Commission shall serve Everbright by the methods described in Rule 4(f).

## XVIII.

IT IS FURTHER ORDERED, that nothing in this Order shall prejudice the Commission against obtaining such further relief against these Defendants as it may find necessary due to discovery of additional facts in this litigation.

**IT IS SO ORDERED.**

DATE: June 9, 2014

_____
UNITED STATES DISTRICT JUDGE