**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>                              **Plaintiff,**<br><br>                    **v.**<br><br>**LUIS CHANG**<br>**and**<br>**EVERBRIGHT DEVELOPMENT OVERSEAS**<br>**LIMITED,**<br>                              **Defendants.** | **No. 14 CV 4132 (ER)** |

## RULE 26(f) JOINT REPORT AND PROPOSED DISCOVERY PLAN

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiff Securities and Exchange

Commission ("SEC") and Defendants Luis Chang and Everbright Development Overseas

Limited submit this Report and Proposed Discovery Plan.

*Pilot Project Regarding Case Management*

This report is not submitted pursuant to the Initial Pretrial Case Management Procedures

of the "Pilot Project Regarding Case Management," Docket No. 27 (the "Pilot Project").

Plaintiff's Statement

Defendants' counsel were unwilling to discuss the Pilot Project issues and procedures

during the telephone conference, stating their position that the Pilot Project should not apply to

this case.  Plaintiff only learned of Defendants' position the day before the telephone conference.

Plaintiff disagrees with the Defendants' position and remains ready to participate in the Pilot

Project, as was directed by the Court.

1

Defendants' Statement

Defendants' position is that this case should not be designated for inclusion in the Pilot Project because it is not a class action or MDL action, does not fall within any of the following Nature of Suit categories: 160, 245, 315, 355, 365, 385, 410, 830, 893, or 950, and is not a "complex" securities/commodities exchange case under Nature of Suit category 850.  Defendants intend to make a motion to the Court to opt out of the Pilot Project.

*Party Conference*.

The parties otherwise conferred by telephone conference on September 25, 2014 to consider the nature and basis of their claims and defenses and the possibility for a prompt settlement or resolution of the case, to arrange for the disclosures required to be made by Federal Rule of Civil Procedure 26(a)(1), and to develop a proposed discovery plan.

1.     *Conference Report*.  This Report summarizes the parties' conference.

(a)     **Possibility of Prompt Settlement:**  The parties discussed the possibility of an early settlement.  Defendants' counsel stated the intent to make a settlement proposal in the near term.  Plaintiff expects that any settlement discussions will be ongoing.  Defendants believe that there is a possibility of prompt settlement.  Any settlement proposal is subject to consideration and approval by the full Commission.

**(b)     Document Preservation:**

Plaintiff's Statement

Plaintiff does not believe that any additional limitations are needed on the existing legal obligations to preserve documents.  After having made reasonable inquiry, Plaintiff states that it is unaware of any issues concerning the past, present or future preservation of discoverable information.

Plaintiff proposes that the Court order Defendants to serve on the Plaintiff and the Court, within 30 days, a detailed description of the dates, circumstances and individuals involved in the destruction of documents referenced below and to identify the forensic efforts undertaken to retrieve such documents.  Defendants should then be required to make witnesses with knowledge of the above available for depositions by Plaintiff's counsel in New York.

Defendants' Statement

Defendants do not believe that any limitations are needed on the existing obligations to preserve documents under the Court's Stipulated Preliminary Injunction.  Defendants' counsel state that they have provided Defendants with written litigation hold instructions for the past, present, and future preservation of discoverable information.  After having made a reasonable inquiry, Defendants' counsel is aware that a limited amount of Defendants' emails were not retained prior to counsel's retention, engagement and appearance in this matter.  Defendants' counsel is not aware, or able to ascertain, whether any information contained in the non-retained emails is actually relevant to, or discoverable, in this litigation, or otherwise duplicative of emails that Defendants will produce to Plaintiff, or emails that Plaintiff has obtained from other sources.  Defendants do not "admit" that there has been any "destruction" of relevant documents by Defendants.  Moreover, Defendants object to Plaintiff's proposal and state that the

extraordinary relief requested by Plaintiff fails to comply with the Federal Rules of Civil

Procedure and this Court's Local Rules, and improperly infringes upon the attorney-client

privilege.  Defendants believe that Plaintiff should request documents pursuant to Fed. R. Civ. P.

34, allowing Defendants to lodge objections, if any, and produce any responsive, non-privileged

documents pursuant to such requests.

        **(c)**      **Initial Disclosures Pursuant to Rule 26(a)(1):**  The parties agreed to

exchange initial disclosures by overnight mail on October 15, 2014.  Plaintiff will make the

documents submitted in the SEC's investigation and the testimony received available to the

Defendants.  The parties agree to produce their documents in native format on a CD-ROM,

DVD, or hard drive.  Documents only available in printed form may be produced in pdf format.

        **(d)**      **Discovery Schedule:**  The parties discussed, but were unable to agree to, a

discovery schedule.

    Plaintiff's Statement

    Plaintiff proposes the following discovery schedule: fact discovery will end on May 15,

2015; expert reports should be exchanged on June 12, 2015; expert rebuttal reports should be

exchanged on June 26, 2015; and, expert depositions should be completed no later than July 17,

2015, which date will be the close of discovery.  Plaintiff believes that it is premature to establish

deadlines for joinder of additional parties and amending the complaint until substantial progress

has been made in discovery, including Defendants' documents having been accounted for and

produced, and Defendant Luis Chang's having been made available for his deposition in New

York.

Defendants' Statement

Defendants request that District Judge Edgardo Ramos' template Scheduling Order be used in the case and propose the following discovery schedule: joinder of additional parties: October 31, 2014; file amended pleadings: November 30, 2014; expert reports should be exchanged on July 31, 2015; expert rebuttal reports should be exchanged on September 15, 2015; and, expert depositions should be completed no later than October 30, 2015.  All discovery will end on November 30, 2015.

(e)     **Limitations on discovery:**  The parties propose no limitation on the scope, timing or sequence of discovery, except as follows.

Plaintiff's Statement

Plaintiff proposes that to the extent that they are not produced as part of Defendants' Initial Disclosures, the Defendants should be required to 1) produce all non-privileged documents in their possession, custody or control related to the subject matters of the Amended Complaint within 30 days of the entry of the Court's Scheduling Order, and 2) produce Luis Chang for his deposition in New York within 30 days thereafter.  This discovery is needed in order for the case to move expeditiously.  The Defendants did not produce any documents in the investigation and Luis Chang has not yet provided any testimony.  Defendants now admit to the destruction of documents.  The scope and necessity of future discovery likely will be determined by the Defendants' full document production and Chang's testimony.  Defendants already will have had Plaintiff's production of documents from the Initial Disclosures.  It is insufficient for Defendants to baldly state that they may refuse to comply with their discovery obligations under this Court's rules and procedures.

Defendants' Statement

Defendants oppose the proposed expedited discovery.  Defendants dispute that expedited discovery is required in this case given the existence of the Stipulated Preliminary Injunction filed on June 24, 2014, Defendants' deposit of over $4 million into the Court's Registry, the freeze of approximately $10 million in Defendants' assets in the United States, and the possibility of an early settlement.  Defendants also dispute Plaintiff's contention that Mr. Chang's expedited deposition is required in order to determine "[t]he scope and necessity of future discovery."  Defendants' position is that regardless of when they occur, depositions always raise the possibility of the need for future discovery, and this alone is not a reasonable basis for an expedited deposition of Mr. Chang.  Moreover, any purported need for future discovery following Mr. Chang's deposition can be accommodated with an appropriate discovery deadline for same in the Scheduling Order.

Finally, given their presence in China and stated intention not to return to the United States for the foreseeable future, Defendants have not determined whether Mr. Chang or any other Defendant witness will appear in the United States for a deposition in this case. Defendants believe that the SEC, like any other civil plaintiff, should be required to seek discovery from Defendants pursuant to the Federal Rules of Civil Procedure, allowing Defendants to properly lodge objections and seek judicial relief if necessary.

**(f)      Depositions**:  The parties propose that there be no limitation on the number or duration of depositions, subject to the non-noticing party seeking a protective order.

**(g)    Preliminary/Discovery Issues**:

Plaintiff's Statement

In addition to concern about the documents already destroyed by Defendants, the preliminary/discovery issues that are envisioned by Plaintiff concern the availability for discovery of Defendant Luis Chang, and others, as well as the ability to secure remaining documents.  Plaintiff, having been unable to obtain Defendants' documents related to Allied Nevada or to take Defendant Chang's investigative testimony, believes that it is necessary and appropriate to obtain Defendants' documents and the deposition of Chang and his cohorts at the beginning of discovery.  After their recent trip to their clients in Shanghai, counsel for the Defendants assured Plaintiff during the conference that they will have no problem producing Defendants' emails that were routed through the United States and all documents relevant to the case.  Counsel for the Defendants have noted that they are unable to reach Luis Chang on a regular basis.

Defendants' Statement

Defendants reiterate their position stated above under Section "(e)." above.  Subject to and without waiving any objections that they may assert in response to Plaintiff's discovery requests and the potential impact of applicable Chinese blocking statutes, Defendants believe that they will be able to produce relevant, non-privileged, and non-objectionable emails that were routed through the United States.  Defendants dispute Plaintiff's contention that their counsel "assured" Plaintiff during the parties' Rule 26(f) conference that they "will have no problem" producing Defendants' emails that were routed through the United States. Defendants also dispute Plaintiff's statement that Defendants' counsel is unable to reach Defendants on a regular

basis.  Defendants expressly reserve the right to modify, supplement, or amend their position in this regard.

        **(h)**     **Dispositive Motions:**  The parties agree that dispositive motions should be due no later than 45 days after the close of discovery.

Respectfully submitted,

SECURITIES AND EXCHANGE
COMMISSION

GREENBERG TRAURIG, LLP

By:  /s/ Kevin P. O'Rourke_____

        Kevin P. O'Rourke
        100 F Street N.E.
        Washington, D.C.  20549
        Tel.:  202.551.4442
        Fax.:  202.772.9245
        orourkek@sec.gov

        *Attorney for Plaintiff*
        *Securities and Exchange*
        *Commission*

By: /s/ Timothy E. Di Domenico_____

        Timothy E. Di Domenico (TD4900)
        445 Hamilton Avenue, 9th Floor
        White Plains, New York 10601
        Tel: 212.801.2127
        Fax: 212.224.6104
        didomenicot@gtlaw.com

        -and-

        Jason S. Lewis (*Pro hac vice*)
        Adam Tyler (*Pro hac vice*)
        Greenberg Traurig, LLP
        2200 Ross Avenue, Suite 5200
        Dallas, TX 75201
        Tel: 214.665.3600
        Fax: 214.665.3601
        lewisjs@gtlaw.com
        tylera@gtlaw.com

        *Attorneys for Defendants*
        *Luis Chang and Everbright*
        *Development Overseas Limited*