USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 5/15/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LUIS CHANG<br>and<br>EVERBRIGHT DEVELOPMENT OVERSEAS LIMITED,<br>Defendants. | No. 14 Civ. 4132 (ER) |

**FINAL JUDGMENT AS TO DEFENDANTS LUIS CHANG
AND EVERBRIGHT DEVELOPMENT OVERSEAS LIMITED**

The Securities and Exchange Commission having filed an Amended Complaint and Defendants Luis Chang and Everbright Development Overseas Limited ("Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Amended Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VIII); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or

by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Luis Chang ("Chang") and Defendant Chang's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  (c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Everbright Development Overseas Limited ("Everbright") and Defendant Everbright's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rules 10b-5(a) and (c) promulgated thereunder [17 C.F.R. § 240.10b-5(a) and (c)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

  (a)  to employ any device, scheme, or artifice to defraud; or

  (c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(d)(1) of the Exchange Act [15 U.S.C. §§ 78m(d)(1)] and Rule 13d-1 promulgated thereunder [17 C.F.R. §§ 240.13d-1 by, after acquiring directly or indirectly the

beneficial ownership of any equity security of a class which is specified in Exchange Act Rule 13d-1(i) [17 C.F.R.§ 240.13d-1(i)] and becoming directly or indirectly the beneficial owner of more than 5% of the class, failing, within ten 10 days after the acquisition, to send to the issuer of the security, to send to each exchange where the security is traded, and to file with the Commission, a statement containing the information required by Schedule 13D [17 C.F.R. § 240.13d-101].

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Chang and Defendant Chang's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 14(e) of the Exchange Act [15 U.S.C. § 78n(e)] and Rule 14e-8 [17 C.F.R. § 240.14e-8] promulgated thereunder, in connection with any tender offer or request or invitation for tenders, by making any untrue statement of a material fact or omitting to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, engaging in any fraudulent, deceptive, or manipulative act or practice, or:

(a) making the announcement of a potential tender offer without the intention to commence the offer within a reasonable time and complete the offer;

(b) intending, directly or indirectly, for the announcement of a potential tender offer to manipulate the market price of the stock of the bidder or subject company; or

(c) by not having the reasonable belief that he (or a party on whose behalf he is acting) will have the means to purchase securities to complete an announced potential tender offer.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are liable, jointly and severally, for disgorgement of $2,890,507, representing profits gained as a result of the conduct alleged in the Amended Complaint, together with prejudgment interest thereon in the amount of $94,569, for a total of $2,985,076, and that Defendant Chang is additionally liable for a civil penalty in the amount of $2,890,507, pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78U(d)(3)]. Defendants shall satisfy these obligations by paying a grand total of $5,875,583. Of this amount, $4,065,348.07 plus accumulated interest in the amount of $273.48 shall be paid from funds previously deposited by Defendants with the Court Registry pursuant to the Stipulated Preliminary Injunction entered by the Court on June 24, 2014 in this matter, Docket No. 14 Civ. 4132 (ER) ("Stipulated Preliminary Injunction"). The remaining $1,809,961.45 ordered above shall be paid by Defendants to the Court Registry within 14 days of entry of this judgment. The Clerk of the Court is directed to accept such funds, which shall be deposited in an interest bearing account.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, inclusive of funds previously deposited with the Court Registry, Defendants relinquish all legal and equitable right, title, and interest in all such funds and no part of the funds shall be returned

to Defendants.

The Commission may enforce the Court's judgment for disgorgement, prejudgment interest, and a civil penalty by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Court Registry shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

Once all payments ordered above have been received by the Court Registry, the Stipulated Preliminary Injunction shall hereby be dissolved, and the Commission shall withdraw all Notices of *Lis Pendens* filed on Defendants' real property under paragraph X of the Stipulated Preliminary Injunction.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002 as amended. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Court determines that the Fund will not be distributed, the Clerk of the Court shall, upon further order of the Court, send the funds paid pursuant to this Final Judgment to the Commission for remission to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as a civil penalty pursuant to this Judgment shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory

damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the Court Registry. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant(s) by or on behalf of one or more investors based on substantially the same facts as alleged in the Amended Complaint in this action.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Amended Complaint are true and admitted by Defendant Chang, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by him under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant

Chang of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: \_\_May 15, 2015\_\_            _____
                                    HONORABLE EDGARDO RAMOS
                                    UNITED STATES DISTRICT JUDGE

8